**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00765-CMA-NYW

KEVIN WARD,

      Plaintiff,

v.

ACUITY, A MUTUAL INSURANCE COMPANY,

      Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

      This matter is before the court on Plaintiff's Opposed Motion for Leave to Amend the Complaint to Add Necessary Party (the "Motion" or "Motion to Amend") filed on August 24, 2021. [Doc. 24]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 15, 2021 [Doc. 8], and the Memorandum dated September 14, 2021 [Doc. 30]. The court has reviewed the Motion and its briefing, the entire docket, and the applicable case law. Being fully advised of the premises, this court respectfully **RECOMMENDS** that the Motion to Amend be **DENIED**.[1]

---

[1] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). Courts in this District have treated orders granting motions to amend as non-dispositive, but "many courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1 (D. Colo. Mar. 11, 2021); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-CV-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to distinguish between allowing and denying an amendment in considering whether to use an order or recommendation as a magistrate judge).

**BACKGROUND**[2]

This case arises out of a vehicle collision that occurred on or about February 20, 2018.  [Doc. 10 at ¶ 5].  Plaintiff Kevin Ward ("Mr. Ward" or "Plaintiff") was driving a vehicle in the course of his employment when his vehicle was rear-ended by a Ford Explorer driven by an unidentified driver.  [*Id.* at ¶¶ 6-7, 10-12].  The First Collision was caused by the negligence of the unidentified driver, whose insured status was unknown, rendering him "uninsured."  [*Id.* at ¶¶ 15-16].  At the time of the First Collision, Mr. Ward was insured pursuant to an insurance policy issued by Defendant Acuity, a Mutual Insurance Company ("Acuity" or "Defendant"), which policy contained uninsured motorist benefits ("UM benefits") with a policy limit of $1,000.000.00 per person.  [*Id.* at ¶¶ 17-18].  Plaintiff suffered damages in the First Collision.  [*Id.* at ¶ 19].

Mr. Ward submitted a claim to Acuity for payment of UM benefits on October 27, 2020.  [*Id.* at ¶ 20].  Acuity did not make an offer of benefits to Plaintiff.  [*Id.* at ¶ 21].  On February 9, 2021, Plaintiff initiated this lawsuit against Acuity in the District Court for the City and County of Denver, raising one claim of breach of contract.  [*Id.* at 3, 5].  The case was removed by Acuity to federal court on March 15, 2021, [Doc. 1],  directly assigned to the presiding judge, the Honorable Christine M. Arguello, and drawn to the undersigned.  [Doc. 6].  On May 3, 2021, this court issued a Scheduling Order in this case.  [Doc. 18].  Relevant here, the court set the deadline to join parties and amend pleadings for June 18, 2021.  [*Id.* at 8].

On August 24, 2021, Plaintiff filed the instant Motion to Amend.  [Doc. 24].  Mr.

---

[2] The court draws these facts from Plaintiff's Civil Complaint and Jury Demand [Doc. 10].

Ward asserts that, on March 31, 2020, he was "again involved in a motor vehicle collision while on the job, and sustained injuries" (the "Second Collision") and underwent medical treatment for injuries arising out of the Second Collision "through the workers' compensation system."  [*Id.* at 2].  He now seeks leave of court to amend his Complaint to add the tortfeasor in the Second Collision, Daniel Brindle ("Mr. Brindle"), as a defendant in this case.  [*Id.* at 3].  Specifically, Mr. Ward asserts that, at the time he filed this lawsuit, his medical records "associated with [the Second Collision] were not available to Plaintiff," but that, in the course of discovery in this action, Acuity requested medical records related to the Second Collision.  [*Id.* at 2-3].  According to Mr. Ward, upon his review of the medical records ordered and received as a result of Defendant's discovery request, "it has become clear that some of Plaintiff's treating physicians have opined that his injuries from the [Second Collision] were an aggravation or exacerbation of his injuries from the [First Collision]."  [*Id.*].  Plaintiff thus seeks to add Mr. Brindle as a defendant in this action "so that a jury may appropriately apportion damages between the two [Collisions] and assign damages to the proper defendant on that basis."  [*Id.* at 3].

Acuity responded in opposition to the Motion, arguing that Plaintiff has failed to demonstrate good cause to amend the Scheduling Order because he has failed to adequately explain good cause for his delay in seeking leave to amend.  [Doc. 28 at 5].  In addition, Acuity asserts that Mr. Ward's request to join Mr. Brindle as a party is an improper attempt to destroy diversity jurisdiction in this matter, [*id.* at 10], and further contends that Mr. Brindle is not an indispensable party in this action. [*Id.* at 12].  Finally, Acuity asserts that denial of the Motion to Amend will not prejudice Plaintiff.  [*Id.* at 14].  Plaintiff replied on September 28, 2021.  [Doc. 32].  Because this matter is ripe for

recommendation, I consider the Parties' arguments below.

## LEGAL STANDARD

Plaintiff filed the Motion to Amend after the expiration of the deadline for amendment of pleadings as specified in this court's Scheduling Order. [Doc. 18]. Therefore, this court considers the Motion pursuant to a two-step inquiry. First, the court reviews whether the moving party demonstrates good cause for amendment pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Next, the court weighs whether the amendment should be allowed pursuant to Rule 15(a). *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [the moving party] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *cf. Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000) (applying only Rule 15 when the deadline set for amendment in the Scheduling Order has not yet passed).

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information through discovery, or when the governing law has subsequently changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to

4

modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The party seeking an extension is normally expected to show at least good faith on its part and some reasonable basis for not meeting the deadline. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

By contrast, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

## ANALYSIS

### I.    Rule 16(b)

First, the court must determine if amendment of the Scheduling Order is appropriate under Rule 16(b). In his Motion to Amend, Plaintiff does not raise any express argument pursuant to Rule 16 or argue diligence. *See* [Doc. 24]. However, Mr. Ward implicitly asserts that his Motion to Amend is timely in the course of arguing that amendment is warranted under Rule 15(a), *see* [*id*. at 5-6, 10], which the court will

construe as asserting that any delay in seeking amendment was justified under Rule 16(b).  *Cf. Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (noting the "rough similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15").

Mr. Ward seeks to amend his Complaint to add Mr. Brindle as a defendant based on a physician's report, taken during Plaintiff's workers'-compensation medical treatment resulting from the Second Collision, which Mr. Ward asserts demonstrates that "some of [his] injuries from the [Second Collision] were an aggravation or exacerbation of his injuries from the [First Collision]."  [*Id.* at 3].  Plaintiff asserts that his counsel "just recently received the workers['] compensation file for the [Second Collision] on July 16, 2021 and disclosed it, [along with] other medical records related to the incident, once received and reviewed," on July 30, 2021.  [*Id.* at 5-6].  Mr. Ward states that, "because Plaintiff was still in medical treatment through workers['] compensation" at the time this lawsuit was filed, counsel did not order the workers' compensation file and associated records because there was no "reason to believe the records would be necessary as the collisions occurred more than two years apart in time and Plaintiff had been discharged from treatment through workers['] compensation for the first collision more than a year prior to the second."  [*Id.* at 6].  According to Mr. Ward, after reviewing the workers' compensation file, counsel ascertained that it might be relevant to this case.  [*Id.* at 6, 10].  In response, Acuity argues that "Plaintiff had all relevant facts in his position [sic] for over a year" and thus there is no good cause for Plaintiff's delay in seeking to amend his Complaint.  [Doc. 28 at 10].

The "good cause" provision "requires the moving party to show that it has been

diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter*, 451 F.3d at 1205 n.4. "[A] movant's Rule 16(b) 'burden is satisfied . . . when a party learns of new information'" in discovery. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1153 (D. Colo. 2020) (quoting *Gorsuch*, 771 F.3d at 1240). "If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred." *Gorsuch*, 771 F.3d at 1240. In determining whether good cause exists for delay, the "question is when the [moving party] first learned of new information that it sought to include in its pleadings." *Fountain Valley Inv. Partners, LLC v. Cont'l W. Ins. Co.*, No. 14-cv-01906-MSK-NYW, 2015 WL 7770772, at *2 (D. Colo. Dec. 3, 2015).

Here, the Second Collision occurred on March 30, 2020, [Doc. 24 at 2], and thus Plaintiff knew of the Collision on that date—almost one year prior to the initiation of this lawsuit. *See* [Doc. 10]. Moreover, the medical examination report upon which Plaintiff now relies, *see* [Doc. 24-1], appears to have been issued on September 11, 2020, five months before Plaintiff filed this lawsuit. *See* [*id.*].[3] Thus, it appears that Mr. Ward knew, or should have known, of the Second Collision and the injuries resulting therefrom— including a physician's conclusion that the Second Collision may have exacerbated injuries from the First—months before the filing of this lawsuit.[4] *See Granillo-Estrada v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-03445-CMA-MEH, 2021 WL 3116416, at *2 (D.

---

[3] Plaintiff does not argue that he did not have access to his medical file or that he could not request a copy of his medical file prior to receiving Defendant's discovery requests. *See* [Doc. 24].

[4] Defendant has attached to its Response a letter of representation from an attorney at Plaintiff's counsel's law office which that Plaintiff has been represented by the firm since at least July 2018, prior to the Second Collision. *See* [Doc. 28-2].

Colo. July 8, 2021), *report and recommendation adopted*, 2021 WL 3089225 (D. Colo. July 22, 2021) (delay is undue when a party "knew or should have known of the facts upon which the amendment is based but fails to include them in the original complaint"); *see also Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) ("Because Rule 16 requires diligence, B55 and Mr. McArthur cannot establish good cause if B55 knew of the underlying conduct but simply failed to raise [its] claims." (internal quotation marks omitted)).

Another court in this District was presented a similar factual scenario earlier this year in *Granillo-Estrada*. In this case, a plaintiff, who initially raised a breach of contract claim against her insurance company arising out of a vehicle collision, sought to amend her complaint under Rules 16 and 15 to add the tortfeasor from a subsequent second vehicle collision in which the plaintiff was involved. 2021 WL 3116416, at *1. The Magistrate Judge, in recommending that the plaintiff's motion to amend be denied, noted that the second collision had occurred seven months before the plaintiff filed her lawsuit, and therefore, "all the facts alleged in the proposed Amended Complaint were known or should have been known to Plaintiff at the time of filing." *Id.* at *2. The court concluded that, because the plaintiff "could have amended much sooner," she had unduly delayed her amendment and there was thus no good cause to amend the scheduling order. *Id.*

The court notes that the situation in *Granillo-Estrada* is slightly different than the circumstances before the court here, as Mr. Ward's requested amendment is not based simply on the mere fact of the Second Collision, but on information concerning Plaintiff's injuries arising out of that Second Collision, which Plaintiff asserts was not discovered until Defendant requested Plaintiff's medical records during discovery. [Doc. 24 at 5].

However, the court does not find this distinction requires a different result.  Although Mr. Ward asserts that there was "no reason to order [Plaintiff's medical] records" prior to Defendant's request for such records, [Doc. 24 at 10-11], the court respectfully is not persuaded by this argument.

The "good cause" standard requires that the moving party demonstrate that, despite his diligent efforts, he could not have met the deadline to amend the pleadings. *Colo. Visionary Acad.*, 194 F.R.D. at 687.  Plaintiff was aware of the Second Collision and the resultant injuries, as well as the fact that he had been examined by a physician during the course of the workers' compensation process, at the time he filed his Complaint. Counsel's failure to request Plaintiff's medical records or otherwise investigate Plaintiff's medical history and whether the Second Collision could be relevant to this matter does not demonstrate diligence for purposes of the good-cause standard.  Indeed, a counsel's failure to investigate does not constitute good cause for a delay in seeking an amendment. *See Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) (where the moving party, "with some investigation," could have discovered a new defense, the "fail[ure] to conduct such investigation does not equate to 'good cause' for leave to amend under Rule 16."); *see also ev3 Int'l, Inc. v. Advanced Med. China Hong Kong Ltd.*, No. CV 04-4687 (PJS/RLE), 2006 WL 8443643, at *7 (D. Minn. Dec. 13, 2006) (failure to investigate whether non-parties, whom plaintiff sought to add as defendants in amended pleading, might be liable did not establish good cause under Rule 16(b)).

Insofar as Mr. Ward asserts that there was "no reason to order the records" prior to Defendant's request of the records and Plaintiff's subsequent review because the two collisions were temporally separate, *see* [Doc. 24 at 10], "the relevant inquiry is not

whether there was definitive, bullet-proof support for any Motion to Amend, but whether Plaintiff acted with diligence." *Flexfunds ETP, LLC v. MarkETP, LLC*, No. 16-24504-CV, 2017 WL 4882530, at *3 (S.D. Fla. Oct. 30, 2017).  The court cannot conclude that good cause exists to amend the Scheduling Order based on a failure to recognize the potential relevance of information available to Plaintiff at the time he filed his Complaint.  *See Fountain Valley*, 2015 WL 7770772, at *2 (where a plaintiff learned of a report indicating that a hailstorm may have caused property damage but "did not realize the significance of the report" until discovery had proceeded further, no good cause was present because the relevant question was when the plaintiff learned of the information that it sought to include in the pleadings); *cf. Flexfunds*, 2017 WL 4882530, at *3 (finding no good cause for amendment where the plaintiff possessed information but failed to ascertain whether the information could support an amendment to the complaint).  Because the relevant medical records were seemingly available to Plaintiff prior to the filing his Complaint, the court cannot conclude that Plaintiff has demonstrated that he could not have met the deadline to amend the Scheduling Order despite his diligent efforts.  *Colo. Visionary Acad.*, 194 F.R.D. at 687.

    "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).  For the reasons set forth above, court finds that Mr. Ward has failed to demonstrate good cause for his delay, as required under Rule 16(b).  Nevertheless, because this court proceeds by recommendation, the court will also address whether leave to amend is warranted under Rule 15(a).

## II.     Rule 15(a)

I now turn to whether, even if Plaintiff could demonstrate good cause under Rule 16(b), his requested amendment would be proper under Rule 15(a).  Defendant, as the non-moving party, bears the burden of demonstrating that Plaintiff's requested amendment is sought in bad faith, is futile, was unduly delayed, or would cause substantial prejudice to Defendant.  *Frank*, 3 F.3d at 1365.  Defendant asserts that the Motion to Amend should be denied because (1) it is filed for the improper purpose of destroying diversity; (2) Mr. Brindle is not an indispensable party; and (3) denial of the Motion to Amend will not prejudice Plaintiff.  [Doc. 28 at 10, 12, 14].

As an initial matter, the court is unpersuaded by Defendant's argument that the Motion to Amend was filed for an improper purpose.  Despite Acuity's argument that "Plaintiff has not demonstrated that the proposed amendment is not for an improper purpose or is [brought] in good faith," [*id.* at 10], it is Acuity's burden to demonstrate that the amendment is sought in bad faith—not Plaintiff's burden to demonstrate the opposite. *Frank*, 3 F.3d at 1365.  Moreover, while Acuity asserts that denial of the Motion to Amend will not prejudice Plaintiff, this is not the relevant inquiry before the court—the court must instead consider whether the non-moving party will be prejudiced by any amendment. *See Minter*, 451 F.3d at 1207 ("The . . . most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party."); *see also United States v. Hougham*, 364 U.S. 310, 316 (1960) (Rule 15 "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result").  Therefore, the court finds that Acuity has not met its burden of demonstrating that leave to amend should not be granted on the grounds of bad faith or prejudice.

11

The court thus turns to Acuity's argument that Mr. Brindle is not an indispensable party to this action. *See* [Doc. 28 at 12]. Acuity asserts that Mr. Ward "cannot establish any facts to prove that Mr. Brindle must be joined as a defendant" because Plaintiff's claims against Defendant and Plaintiff's proposed claims against Mr. Brindle are temporally and factually distinct. [*Id.* at 12-13]. On this basis, Acuity asserts that the Motion to Amend should be denied. [*Id.* at 14].

Mr. Ward's characterization of Mr. Brindle as a "necessary" party to this action, *see, e.g.*, [Doc. 24 at 1],[5] suggests application of Rule 19 of the Federal Rules of Civil Procedure, which "sets the standard for whether an absent party is a required and/or indispensable party to an action." *E.E.O.C. v. Akal Sec. Inc.*, No. 08-1274-JTM-KMH, 2009 WL 2356154, at *1 (D. Kan. July 29, 2009). Rule 19 provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

---

[5] Mr. Ward does not cite to any procedural rules concerning joinder of parties, but consistently asserts that Mr. Brindle is a "necessary" party. *See* [Doc. 24 at 1, 8, 9]. After the 2007 amendments to the Federal Rules, Rule 19 no longer concerned "necessary" parties, but now governs the joinder of "required" parties. Regardless of the nomenclature used, the two words are interchangeable. *See Thiess v. Mercer*, No. 09-cv-02931-CMA-KLM, 2010 WL 2635521, at *2 n.2 (D. Colo. June 25, 2010).

Fed. R. Civ. P. 19(a)(1).  But "[t]he Tenth Circuit has explained that, in circumstances where a party seeking affirmative relief (i.e., a plaintiff . . .) seeks to add a party-defendant, Rule 19 is 'inapplicable.'"  *Unit Petroleum Co. v. Frost*, No. 11-cv-00627-JED-FHM, 2013 WL 1398987, at *1 (N.D. Okla. Apr. 5, 2013) (quoting *Shaw v. AAA Eng'g & Drafting Inc*., 138 F. App'x 62, 66 (10th Cir. 2005) (unpublished)); *see also Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 669 (6th Cir. 2004) ("Rule 19 is the tool of the defendant, as the plaintiff has the power to choose which parties it wishes to sue and generally has ample freedom to amend its complaint to add a party."); *Birmingham v. Experian Info. Sols., Inc*., 633 F.3d 1006, 1021 (10th Cir. 2011) (Rule 19 "is not a means by which a plaintiff can join a truly liable defendant.").

The court thus considers the merits of Plaintiff's requested joinder under Rule 20 of the Federal Rules.  *See FidoTV Channel, Inc. v. Inspirational Network, Inc.,* No. 18-cv-02295-CMA-NYW, 2019 WL 4043940, at *3 (D. Colo. Apr. 29, 2019), *report and recommendation adopted*, 2019 WL 2950153 (D. Colo. July 9, 2019) ("Amendments adding parties . . . require consideration of Fed. R. Civ. P. 20, governing permissive joinder," in addition to Rule 15.).  Rule 20 provides that a person *may* be joined as a defendant in an action if "(A) any right to relief is asserted against [the person] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or serious of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Whether to permit joinder is within the sound discretion of the trial court.  *State Distrib., Inc. v. Glenmore Distilleries. Co.*, 738 F.2d 405, 416-17 (10th Cir. 1984).  "While courts should

13

entertain broad requests for joinder of parties, . . . the party seeking joinder must still satisfy the requirements of Rule 20." *Granillo-Estrada*, 2021 WL 3116416, at *3.

At the outset, the court notes that Mr. Ward has raised no argument pursuant to Rule 20 or the requirements therein and thus has failed to demonstrate that joinder of Mr. Brindle is appropriate here.  Regardless, the court concludes that the prerequisites for permissive joinder are not met in this case.  Mr. Ward's claim against Acuity arises out of an alleged failure to pay insurance benefits purportedly owed to Mr. Ward pursuant to the Parties' insurance contract.  [Doc. 10 at ¶¶ 26-32].  Meanwhile, in his proposed amended complaint, Mr. Ward seeks to raise claims of negligence and negligence per se against Mr. Brindle based on Mr. Brindle's alleged negligent driving.  *See* [Doc. 24-3 at 7-8].  These "interests to be remedied are distinct." *Granillo-Estrada*, 2021 WL 3116416, at *3.  Moreover, the claims do not arise out of the same transaction or occurrence: while Mr. Ward's claim against Acuity arises out of the First Collision, Mr. Ward's proposed claims against Mr. Brindle arise out of the Second Collision; Mr. Ward concedes that these Collisions "occurred more than two years apart in time."  [Doc. 24 at 6].  Thus, there is no apportionment of liability at issue; regardless of the impact of the Second Collision, Mr. Brindle has no relevance as to whether Acuity owes Mr. Ward benefits.  Nor is there any reason to believe that judgment against Mr. Brindle for negligence factors into a factfinder's determination as to what portion of Mr. Ward's injuries are attributable to the Second Collision, rather than the First Collision.  For these reasons, the court finds that permissive joinder is not warranted under Rule 20.  *See Beaulieu v. Concord Grp. Ins. Co.*, 208 F.R.D. 478, 480 (D.N.H. 2002) (declining permissive joinder where the plaintiff's claims "[sought] remedies for deprivations of two separate legal interests—contractual

14

coverage for accidents caused by underinsured motorists, and a remedy for alleged negligent driving" and "[arose] out of two distinct car accidents"). Because Plaintiff has not demonstrated that permissive joinder is appropriate here, the court does not find good cause to grant leave to amend under Rule 15(a).

## III.   28 U.S.C. § 1447(e)

Finally, the court briefly addresses Defendant's argument that the court should deny Plaintiff's Motion "to avoid destroying subject matter jurisdiction." [Doc. 28 at 11]. Section 1447 of Title 28 of the United States Code provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "[A]mendments joining non-diverse parties are subject to 28 U.S.C. § 1447(e) even where the amendment would otherwise be freely allowed by Rule 15(a)." *Parkside At Mountain Shadows Owners Ass'n, Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. 15-cv-00120-WJM-KMT, 2015 WL 3903020, at *2 (D. Colo. June 24, 2015).

Both Parties suggest that adding Mr. Brindle as a defendant in this action would destroy diversity jurisdiction in this matter and thus divest this court of subject matter jurisdiction. [Doc. 28 at 11; Doc. 32 at 2]; *see also* [Doc. 25 at ¶ 10 (Plaintiff asserting in a motion to stay that, if the court grants his Motion to Amend, "the matter will be remanded to state court as a matter of law, due to diversity jurisdiction no longer being present in the matter")]. Defendant represents that the Parties have completed significant discovery in this case, *see* [Doc. 28 at 11-12], and discovery is currently set to close on November

15

3, 2021.[6]  [Doc. 22].  The court finds that a remand to state court—accompanied by the addition of a new party and factually distinct claims—would disrupt the just and speedy resolution of this matter.  *Cf. Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) (affirming denial of leave to amend where the plaintiff's proposed new claim "raised substantially different factual issues after the close of discovery" and "the court would have been forced to grant significant additional time for discovery"); *Granillo-Estrada*, 2021 WL 3116416, at *3 (recommending that the court exercise its discretion and deny joinder under 28 U.S.C. § 1447(e) where joinder would destroy diversity and where the plaintiff "[could] simply file a separate lawsuit against" the non-party).  As such, the court finds that 28 U.S.C. § 1447(e) provides the court an additional discretionary basis to deny the Motion to Amend.

In sum, the court finds that (1) Mr. Ward has failed to demonstrate that good cause exists under Rule 16(b) to amend the scheduling order; (2) Mr. Ward has not demonstrated good cause under Rule 15(a) to amend his Complaint because he has not met his burden of demonstrating the propriety of permissive joinder under Rule 20; and (3) joinder is not warranted under 28 U.S.C. § 1447.  For all of these reasons, the court respectfully **RECOMMENDS** that the Motion to Amend be **DENIED**.

---

[6] On August 9, 2021, this court granted Defendant's unopposed motion to amend the Scheduling Order to re-set the affirmative expert disclosure deadline to November 1, 2021 and the rebuttal expert disclosure deadline to December 1, 2021.  [Doc. 20; Doc. 22].  In its Minute Order granting the motion, the court noted that the new deadline to disclose rebuttal expert extends beyond the current close of discovery, November 3, 2021, which deadline the Parties did not seek to extend.  [Doc. 22].  The court informed the Parties that, "[t]o re-set this deadline, the Parties must file a successive motion."  [*Id.*].  In his Motion to Amend, Mr. Ward asserts that "such a Motion is anticipated and will likely move the discovery deadline into December 2021 or January 2022."  [Doc. 24 at 9].  At this juncture, no motion to extend the discovery deadline has been filed.

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that:

(1)    Plaintiff's Opposed Motion for Leave to Amend the Complaint to Add

Necessary Party [Doc. 24] be **DENIED**.[7]

DATED:  October 6, 2021                BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[7] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings of fact, conclusions of law, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).