IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-00765-CMA-NYW

KEVIN WARD,

     Plaintiff,

v.

ACUITY, A MUTUAL INSURANCE COMPANY

     Defendant.

---

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on Defendant Acuity, A Mutual Insurance Company's ("Acuity") Motion for Summary Judgment (Doc. # 19.) For the following reasons, the Court grants the Motion.

### I.    BACKGROUND

This is a diversity insurance case that presents an issue of first impression under Colorado law. The following material facts are not disputed.

Plaintiff Kevin Ward was injured in an auto accident on February 20, 2018, when he was rear-ended by an unidentified grey Ford Explorer. (Doc. # 19 at 3.) At the time, Plaintiff was acting within the course and scope of his employment at Pacesetter Roadside Assistance, Inc. ("Pacesetter"). (*Id.*) The parties agree that Plaintiff received benefits related to the auto accident under Pacesetter's Workers' Compensation Policy. (Doc. # 23 at 3–4; Doc. # 26 at 2.)

Acuity had issued an insurance policy ("Policy") to Pacesetter that provided uninsured/underinsured motorist ("UM/UIM") coverage at the time of Plaintiff's collision. (Doc. # 19 at 3.) The Policy includes a workers' compensation provision that excludes from coverage "[a]ny obligation for which the insured or the insured's insurer may be held liable under any workers' compensation law." (Doc. # 19-1 at 23.) In addition, the Policy excludes from UM/UIM coverage "[t]he direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law." (Doc. # 19-1 at 36.)

Plaintiff filed a claim for UM benefits under the Policy on October 27, 2020. (Doc. # 19 at 4.) On February 9, 2021, Plaintiff filed suit against Acuity in the District Court for the City and County of Denver, raising one breach of contract claim. *See generally* (Doc. # 10.) Acuity removed the case to federal court on March 15, 2021. (Doc. # 1.)

Acuity now moves for summary judgment and argues that Plaintiff's claim must fail under Colorado law because (1) Plaintiff's exclusive remedy is workers' compensation, and (2) the plain language of the Policy excludes coverage because Plaintiff received workers' compensation benefits. (Doc. # 19 at 5.) Plaintiff disagrees and argues that he is entitled to UM benefits under Colorado law because his injuries were caused by a third-party tortfeasor. (Doc. # 23 at 6.)

## II.     LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper

2

disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

### III.   DISCUSSION

This case requires the Court to examine the interplay between the Workers' Compensation Act of Colorado ("WCA"), Colo Rev. Stat. §§ 8-41-101, *et seq.*, and Colorado's UM/UIM statute, Colo. Rev. Stat. § 10-4-609. Colorado courts and courts in this district have addressed the relationship between the WCA and the UM/UIM statute several times, but no court has resolved the precise issue presented in the instant case: whether an employee who receives WCA benefits after being injured in an accident

while acting in the scope of his employment by a third-party tortfeasor is entitled to recover UM/UIM benefits from his employer's insurance carrier. "Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do." *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003). Decisions of the Colorado Court of Appeals, while not binding on this Court, are indicative of how the state supreme court would decide an issue. *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1241 (10th Cir. 2003).

The Colorado Supreme Court most recently addressed the confluence of the WCA and the UM/UIM statute in February 2021 in *Ryser v. Shelter Mutual Insurance Company*, 2021 CO 11, 480 P.3d 1286. In *Ryser*, the court held that an injured employee is barred by operation of the WCA's exclusivity and co-employee immunity principles from bringing a UM/UIM benefits action against a co-employee's insurer. *Id.* at ¶ 36, 480 P.3d at 1292–93. In so deciding, the court highlighted "the long-held proposition that '[t]he [WCA] provides the **exclusive** remedy to a covered employee for injuries sustained while the employee is performing services arising in the course of his or her employment.'" *Id.* at ¶ 20, 480 P.3d at 1290 (quoting *People v. Oliver*, 2016 COA 180M, ¶ 21, 405 P.3d 1165, 1171 (internal brackets omitted)). Accordingly, the court noted that "employers who comply with the requirements of the WCA are therefore immune from common law liability related to on-the-job injuries." *Id.* at ¶ 21, 480 P.3d at 1290. Because WCA immunity "extends as well to an injured worker's co-employees," and because "the WCA's exclusivity provisions abolish any causes of action related to personal injuries," the court determined that an injured employee could not recover

4

UM/UIM benefits from his co-employee's insurance company. *Id.* at ¶ 26, 480 P.3d at 1291.

*Ryser* is one of several cases cited by Acuity that Plaintiff argues are inapposite because they involve negligent co-employees rather than third-party tortfeasors. (Doc. # 23 at 11.) Before the Colorado Supreme Court decided the issue in *Ryser*, three courts in this district addressed similar co-employee fact patterns and reached the same result as *Ryser*. *See Coleman-Domanoski v. St. Paul Guardian Ins. Co.*, 456 F. Supp. 3d 1250 (D. Colo. 2020) (concluding that a plaintiff who was injured in an accident attributable to his co-employee's negligence could not recover UM/UIM benefits under his employer's policy in addition to workers' compensation benefits because the employer was immune under the WCA); *Markel Ins. Co. v. Hollandsworth*, 400 F. Supp. 3d 1155 (D. Colo. 2019) (same); *Emps. Mut. Cas. Co. v. Trejo*, No. 1:18-cv-03066-RM-KLM, 2019 WL 2341557 (D. Colo. June 3, 2019) (same). The *Trejo* court reasoned that "allowing [an injured employee] to recover additional damages that derive from his immune employer and co-employee would erode the public policy behind the WCA." 2019 WL 2341557, at *2. Following a similar logic, the *Markel* court predicted "that, if presented with the question joined in this action, the Colorado Supreme Court would hold that an employee injured during the course of employment cannot claim benefits under his or her employer's UM/UIM policy in addition to workers' compensation." 400 F. Supp. 3d at 1160.

Plaintiff argues that the distinction between an injury caused by the negligence of an immune co-employee and one caused by the negligence of a third-party uninsured

5

tortfeasor necessitates a different result in this case. (Doc. # 23 at 11.) Specifically, Plaintiff contends that while an at-fault co-employee is immune from suit under the WCA, a third-party tortfeasor is not. (*Id.* at 7.) In support of his argument that an employee may recover both WCA benefits and UM/UIM benefits from his employer when injured on the job by an unrelated tortfeasor, Plaintiff urges the Court to look to the Colorado Supreme Court's decision in *Aetna Cas. & Sur. Co. v. McMichael*, 906 P.2d 92 (Colo. 1995).

In *McMichael*, the Colorado Supreme Court was asked to decide whether an employer's UM/UIM coverage applied to an employee injured by an underinsured motorist while the employee was using an employer-insured vehicle. *Id.* at 94. The court interpreted the UM/UIM statute to require that insurers issuing automobile liability insurance provide UM/UIM coverage for **all** individuals covered under the liability provisions of the policy, unless the named insured refuses such coverage in writing. *Id.* at 96–97. The court therefore held that the plaintiff employee was "insured" under his employer's policy and entitled to recover UM/UIM benefits. *Id.* at 94, 104. Although the *McMichael* court determined that the employee was among the class of insured covered by his employer's UM/UIM policy, the court did not address whether an employee could recover UM/UIM benefits from his employer after having received workers' compensation for the same injury. In *Ryser*, the Colorado Supreme Court explained:

> Because the plaintiff in *McMichael* was injured by the negligence of an unrelated tortfeasor (i.e., a tortfeasor who was not a co-employee), we had no occasion to consider either the WCA, its exclusivity or co-employee immunity principles, or the interplay between the UM/UIM statute and the WCA. Accordingly, we do not agree that our discussion of

6

> the UM/UIM coverage issue in *McMichael* is dipositive of the issues before us here.

*Ryser*, ¶ 34, 480 P.3d at 1292.

This Court similarly finds that because *McMichael* did not address the interplay between the UM/UIM statute and the WCA, it does not direct the outcome in this case. Instead, this issue of first impression requires the Court to analyze the competing provisions of the two statutory schemes. The UM/UIM statute requires insurance policies to provide coverage for those who are "legally entitled to recover" or "legally entitled to collect" from uninsured or underinsured drivers. Colo. Rev. Stat. § 10-4-609(1) & (4); *see also McMichael*, 906 P.2d at 98 (observing that "by enacting section 10-4-609(1), the General Assembly intended to protect the public from the devastating financial loss that a traffic accident victim can incur" when injured by an uninsured or underinsured driver). The WCA, on the other hand, provides that an employer in compliance with the WCA and its insurance carrier shall not "be subject to any other liability for the death of and or personal injury to any employee." Colo. Rev. Stat. § 8-41-102. Consequently, "all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies . . . are abolished except as provided in [the WCA]." *Id*. The WCA likewise requires that employees surrender their rights "to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding for or on account of such personal injuries or death of such employee." Colo. Rev Stat. § 8-41-104. Thus, the WCA "is based on a mutual renunciation of common law rights and defenses by employers and employees alike." Colo. Rev. Stat. § 8-40-102; *see Kandt v. Evans*, 645 P.2d 1300, 1305 (Colo. 1982)

(observing that the WCA creates a "quid pro quo by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts" (internal quotation marks omitted))).

This Court finds persuasive the *Ryser* court's view that "the expansive wording of the WCA controls in this case." ¶ 27, 480 P.3d at 1291. Therefore, this Court concludes, like *Ryser*, that Plaintiff's UM claim against Acuity is barred by the WCA's exclusivity provisions and fails as a matter of law. Allowing Plaintiff to recover both WCA benefits and UM/UIM benefits from Acuity would be illogical and undermine the public policy behind the WCA. *See Trejo*, 2019 WL 2341557, at *2. Moreover, the Court "is not persuaded that Colorado courts would grant [Plaintiff] a windfall under these circumstances." *Id.* It appears more likely that if presented with the question posed in this action, "the Colorado Supreme Court would hold that an employee injured during the course of his employment cannot claim benefits under his or her employer's UM/UIM policy **in addition to** workers' compensation." *Markel*, 400 F. Supp. 3d at 1160 (emphasis added).

The Court finds support in other Colorado cases that expressly distinguished between a plaintiff seeking to recover UM/UIM benefits from a non-immune insurance carrier and a plaintiff seeking to recover such benefits from his immune employer's or co-employee's carrier. *See Ryser*, ¶ 32, 480 P.3d at 1292. For example, in *American Family Mutual Insurance Company v. Ashour*, 2017 COA 67, ¶ 73, 410 P.3d 753, 765, the Colorado Court of Appeals held that an injured employee who received WCA benefits could still seek recovery of UM/UIM benefits under **his own** policy. The court

considered it "critical" that the plaintiff "did not seek to recover additional damages from the immune parties in this case—his employer and co-employee." *Id.* at ¶ 52, 410 P.3d at 762. In reviewing *Ashour*, the *Ryser* court noted that "allowing [the *Ashour* plaintiff] to claim benefits from his own insurance carrier would not in any way affect the immunity provided to his employer and co-employee by the [WCA]." *Ryser*, ¶ 32, 480 P.3d at 1292 (quoting *Ashour*, ¶ 71, 410 P.3d at 765). However, permitting the *Ryser* plaintiff to collect UM/UIM benefits from his immune co-employee's insurance carrier, "would directly implicate those immunities." *Id.* The same logic applies in the instant case—allowing Plaintiff to recover additional damages from Acuity would expressly implicate those same immunities.

Plaintiff does not provide any Colorado case that endorsed allowing an injured employee to recover both WCA benefits and UM/UIM benefits from a party immune from liability under the WCA, and the Court is unaware of any such authority. Moreover, the WCA is to "be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers, **without the necessity of any litigation**." Colo. Rev. Stat. § 8-40-102 (emphasis added). Adopting Plaintiff's position would require the Court to act contrary to the text and purpose of the WCA, which the Court will not do. *See Ryser*, ¶ 35, 480 P.3d at 1292 ("We are not at liberty to ignore these statutory provisions and the legislature's express declaration of policy.").

Upon reviewing the relevant statutes and Colorado law, the Court concludes that the exclusion provisions and immunity principles of the WCA bar Plaintiff from

recovering UM/UIM benefits from his employer's insurance carrier after he has received workers' compensation, even where his injury was caused by a third-party tortfeasor. Acuity is therefore entitled to summary judgment in this case. Given the Court's conclusion that the WCA bars Plaintiff's claim as a matter of law, it is not necessary to address Acuity's remaining argument that the plain language of the Policy excludes coverage. *See* (Doc. # 19 at 13.)

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. # 19) is GRANTED. It is

FURTHER ORDERED that judgment shall enter in favor of Defendant and against Plaintiff.  It is

FURTHER ORDERED that the Final Trial Preparation Conference set for November 2, 0222, and five-day Jury Trial set for November 14, 2022 are VACATED.

The Clerk is directed to close this case.

DATED: March 18, 2022

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge