IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-00765-CMA-SKC

KEVIN WARD,

    Plaintiff,

v.

ACUITY,

    Defendant.

## ORDER GRANTING MOTION TO STAY PROCEEDINGS

This matter is before the Court on Defendant Acuity's Motion to Stay Proceedings. (Doc. # 67). The Motion is fully briefed. *See* (Docs. ## 71–72.) For the following reasons, the Motion is granted.

## I. BACKGROUND

This case arises from a 2018 automobile collision between Plaintiff Kevin Ward and an unidentified motorist. *E.g.*, (Doc. # 10 at ¶¶ 5–7, 10–12.) After suffering injuries, Plaintiff claimed uninsured/underinsured motorist ("UM/UIM") benefits from both his employer's workers' compensation policy and a separate policy underwritten by Defendant Acuity. *E.g.*, (Doc. # 63 at 3.) The former paid out workers' compensation benefits; the latter did not. *Id.* Consequently, on February 9, Plaintiff filed breach of contract claims against Defendant in state court. (Doc. # 1-3.) On March 15, 2021, Defendant removed the case to this Court. (Doc. # 1.) On March 18, 2022, this Court

granted summary judgment in favor of Defendant (Doc. # 52.), which Plaintiff timely appealed. (Docs. ## 56, 63 (vacating and remanding for further proceedings).)

On appeal, Plaintiff argued that Colorado's workers compensation statute does not bar an employee from suing his UM/UIM insurer when that employee was injured in the course of his employment by a UM/UIM third-party tortfeasor. *E.g.*, Brief for Petitioner at 14, *Ward v. Acuity*, Case No. 22-1117, 2022 WL 4298529 (10th Cir. 2023). The Tenth Circuit agreed, concluding "that the employer's insurance policy covers Mr. Ward's injury caused by the uninsured tortfeasor. That coverage isn't affected by the exclusivity of remedies for workers' compensation." *Ward v.* Acuity, No. 22-1117, 2023 WL 4117502, at *7 (10th Cir. June 22, 2023). Meanwhile, another trial court in this district certified that same question to the Colorado Supreme Court. *Klabon v. Travelers Prop. Cas. Co. of Am.* (Case No. 22-cv-02557, Doc. # 26).

On August 4, 2023, Defendant filed the instant Motion seeking a stay. (Doc. # 67.) Defendant argues that a stay pending the Colorado Supreme Court's resolution of this state law question would conserve judicial resources and mitigate significant litigation costs without prejudicing Plaintiff. (Doc. # 67 at 4–7 (disputing prejudicial effect because, *inter alia*, Plaintiff was already reimbursed for his medical bills).) For his part, Plaintiff contends that a stay would prejudicially impact the quality of witness testimony he would present and "potential[ly]" affect his ability to make large purchases or pass a background check because his name would remain tied to a pending lawsuit. (Doc. # 71 at 4.)

## II. <u>APPLICABLE LAW</u>

A court's inherent power to "control the disposition of the causes on its docket" includes, when warranted, the discretion to enter a stay of proceedings. *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (internal quotation omitted).[1] This district "generally disfavor[s]" stays and considers them "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015); *but see String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished) (establishing a five-factor balancing test). To gauge whether such an exception is warranted, courts in this district apply the *String Cheese Incident* factors, which are: (1) the plaintiff's interests in proceeding expeditiously with the civil action and delay's potential prejudice to the plaintiff, (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) public interests. *Id.* at *2.

## III. <u>ANALYSIS</u>

The Court now evaluates the *String Cheese Incident* factors within the context of this case. The Court finds that the first factor, Plaintiff's interests versus risk of prejudice, favors a stay. Plaintiff's stated interests in moving forward are driven by mere speculation. For instance, Plaintiff contends that a stay might prejudice his ability to

---

[1] That discretion also includes the Court's freedom to depart from the rule of practice known as "the law of the case doctrine." *E.g.*, *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998). The present circumstances justify exercising that discretion given the Colorado Supreme Court's impending decision, which presents a significant possibility of a controlling authority "subsequently ma[king] a contrary decision of the law applicable to such issues." *Id.* (internal citation omitted).

subpoena and examine key witnesses. (Doc. # 71 at 4–5.) However, even if a stay could result in "a decrease in evidentiary quality and witness availability," that concern matters more when the stay seeks to halt discovery. *See, e.g.*, *Clark v. Green Tree Servicing* LLC, No. 13-cv-02646, 2014 WL 324566, at *2 (D. Colo. Jan. 29, 2014) (emphasizing that concern in denying a motion to stay discovery). In this case, however, discovery is closed. (Doc. # 17.) As such, the parties ostensibly captured their witnesses' recollections in deposition transcripts. Any potential prejudice to Plaintiff arising from unreliable memories at trial can be cured by Federal Rules of Evidence 612 and 613. *See* Fed. R. Evid. 612, 613 (allowing parties to refresh witnesses' memories or rely on recorded statements). Plaintiff's second concern is equally unsubstantiated. He worries that being a named party in a pending lawsuit will negatively affect his ability to buy a house or pass a putative employer's background check, yet Plaintiff expressed no intent to undertake either of those actions. Nor did he cite any authority for the proposition that prejudice can be shown by the mere metaphysical possibility of a negative impact on plans that are purely speculative. Further, as Defendant correctly notes, Plaintiff has no outstanding medical bills tied to this case. (Doc. # 67 at 6.)

By contrast, the Court finds that the second factor, undue burden on Defendant, favors Plaintiff. Showing undue burden typically requires more than the "ordinary burdens associated with litigation," and Defendant advances no reason to stay the case besides avoiding the costs of further litigation. *See* (Doc. # 67 at 6 (internal citation omitted).) Indeed, Defendant "identifies no burden on it besides the time and expense warranted by [litigation]." *Graesser v. IQVIA RDS Inc.*, No. 21-cv-01337, 2021 WL

4

5909017, at *1 (D. Colo. Dec. 14, 2021) (unpublished). Because "defendants always are burdened when they are sued," and "Defendant provides no evidence of a **special** burden," the second factor offers Defendant no support. *Green Tree Servicing*, 2014 WL 324566, at *2.

The Court finds that the third factor, convenience to the Court, strongly favors a stay. The Colorado Supreme Court plans to decide the legal issue central to this case—and others pending in this District. *See, e.g., Talmadge v. Berkley Nat. Ins. Co.*, No. 22-cv-00178, 2023 WL 5310112, at *3 (D. Colo. Aug. 17, 2023). Allowing the Colorado Supreme Court to decide the dispositive legal question would not only harmonize this case, *Talmadge*, and *Klabon*, but doing so would also avoid the wasted judicial resources that would result from trial being interrupted by the Colorado Supreme Court upending the current law of the case.

The Court finds that the fourth and fifth factors, interested third parties and the public interest, are both neutral. The Court knows of no interested third parties, and the public's interest in this case cuts both ways. Although the public has a legitimate interest in "the speedy resolution of legal disputes," *Graesser*, 2021 WL 5909017, at *2, an equally compelling interest exists in the cost-effective use of taxpayer dollars. Moreover, the public has an interest in the federal judiciary acting within its bounds, and the role of a federal court sitting in diversity is "not to reach its own judgment regarding the substance of the common law, but simply to 'ascertain and apply the state law.'" *E.g., Crown Equip. Corp.*, 353 F.3d at 866 (quoting *Huddleston v. Dwyer*, 322 U.S. 232, 236 (1944)).

Weighing the first and third factors against the second, Defendant has adequately shown that a stay is warranted. Because the Colorado Supreme Court has not promised an exact date by which it will issue its decision, the Court finds good cause to order the clerk to administratively close this case. Once the Colorado Supreme Court disposes of the certified question, the parties may move this Court to reopen this case. *Cf. Talmadge*, 2023 WL 5310112, at *3–4; *see generally* D.C.COLO.LCivR 41.2 (allowing for administrative closure subject to reopening upon a showing of good cause).

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant Acuity's Motion to Stay Proceedings (Doc. # 67) is GRANTED.

It is FURTHER ORDERED that, pursuant to D.C.COLO.LCivR41.2, the Clerk of the Court is directed to ADMINISTRATIVELY CLOSE the above-referenced civil action.

It is FURTHER ORDERED that the parties shall file a joint status report informing the Court of the Colorado Supreme Court's ruling on the certified question of law in *Klabon v. Travelers Property Casualty Company of America*, No. 22-cv-02557 within ten (10) days of the decision's release.

DATED: November 1, 2023

                                              BY THE COURT:

                                              _____
                                              CHRISTINE M. ARGUELLO
                                              Senior United States District Judge